UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALEXEI CUSOU,

Petitioner,

v.

DARIN BALAAM,

Respondent.

Case No. 3:26-cv-00869-ART-CLB

DISMISSAL ORDER

*Pro se* Petitioner Alexei Cusou filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his judgment by the Sparks Municipal Court for driving under the influence and resisting. (ECF No. 1-1.) Following an initial review of the Petition under the Rules Governing Section 2254 Cases (“Habeas Rules”), the Court dismisses the Petition because (1) it is wholly unexhausted, (2) Cusou is not still in custody under a state judgment of conviction, and (3) Cusou did not properly commence this action by paying the filing fee or filing an application for leave to proceed *in forma pauperis*.

## I. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it “plainly appears” that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Cusou’s Petition suffers from defects.

First, the federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are “in custody” for the conviction when the petition is filed. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). A habeas petitioner is no longer “in custody” under

a judgment of conviction for purposes of federal habeas jurisdiction if the sentence imposed by the judgment has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492; *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990). According to Cusou, he was sentenced to time served, meaning he is no longer "in custody" under a state-court judgment. (ECF No. 1-1 at 2.) Notably, Cusou lists his place of confinement as the Washoe County Detention Center, but it appears that he is instead being held at the California City Immigration Processing Center in California City, California on an immigration hold. (*See id.* at 14.)

Second, Cusou fails to demonstrate that he has exhausted his state-court remedies.[1] Cusou concedes that he did not appeal his judgment to the Second Judicial District Court, file a post-conviction petition before the Sparks Municipal Court, or appeal the denial of post-conviction relief to the Second Judicial District Court.[2] *See* Nev. Rev. Stat. § 177.015(1)(a) ("The party aggrieved in a criminal action may appeal . . . [t]o the district court of the county from a final judgment of the justice court."); Nev. Rev. Stat. § 189.010 ("[A] defendant in a criminal action tried before a justice of the peace may appeal from the final judgment therein to the district court of the county where the court of the justice of the peace is held, at any time within 10 days from the time of the rendition of the judgment."); Nev. Const. art. 6, § 6; *Sandstrom v. Second Judicial Dist. Court of State*, 119 P.3d 1250, 1252 (Nev. 2005) ("The power of the district courts to

---

[1] A petitioner first must exhaust state court remedies before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

[2] The Court takes judicial notice of the docket records of the Second Judicial District Court at https://www.washoecourts.com/Query/DetailedCaseSearch.

entertain appeals from justice court orders is firmly rooted in the Nevada Constitution."); *see also McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015) (explaining that the Court looks to state law to determine the process for direct review of a misdemeanor conviction).

## II. CONCLUSION

It is therefore ordered that the Petition [ECF No. 1-1] is dismissed without prejudice. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court enter final judgment dismissing this action and close this case.

DATED THIS 10th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE